HANSON BRIDGETT LLP
LISA M. POOLEY - 168737
lpooley@hansonbridgett.com
PAUL B. MELLO - 179755
pmello@hansonbridgett.com
CHRISTINA LUINI - 238548
cluini@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, CA  94105
Telephone:     (415) 777-3200
Facsimile:     (415) 541-9366

**\*E-FILED 02-28-2011\***

Attorneys for Defendant
SOLAICX

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN FICKETT, an individual,<br><br>                  Plaintiff,<br><br>        v.<br><br>SOLAICX, a California corporation,<br><br>                  Defendant. | No.  CV 10-5144 JF (HRL)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**(MODIFIED BY THE COURT)** |

1.    <u>PURPOSES AND LIMITATIONS</u>

         Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and

- 1 -

1    standards that will be applied when a party seeks permission from the court to file material under

2    seal.

3         2.      DEFINITIONS

4              2.1    Challenging Party:  a Party or Non-Party that challenges the designation of

5    information or items under this Order.

6              2.2    "CONFIDENTIAL" Information or Items:  information (regardless of how

7    it is generated, stored or maintained) or tangible things that qualify for protection under Federal

8    Rule of Civil Procedure 26(c).

9              2.3    Counsel (without qualifier):  Outside Counsel of Record and House

10   Counsel (as well as their support staff).

11             2.4    Designating Party:  a Party or Non-Party that designates information or

12   items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

13             2.5    Disclosure or Discovery Material:  all items or information, regardless of

14   the medium or manner in which it is generated, stored, or maintained (including, among other

15   things, testimony, transcripts, and tangible things), that are produced or generated in disclosures

16   or responses to discovery in this matter.

17             2.6    Expert:  a person with specialized knowledge or experience in a matter

18   pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert

19   witness or as a consultant in this action.

20             2.7    House Counsel:  attorneys who are employees of a party to this action.

21   House Counsel does not include Outside Counsel of Record or any other outside counsel.

22             2.8    Non-Party:  any natural person, partnership, corporation, association, or

23   other legal entity not named as a Party to this action.

24             2.9    Outside Counsel of Record:  attorneys who are not employees of a party to

25   this action but are retained to represent or advise a party to this action and have appeared in this

26   action on behalf of that party or are affiliated with a law firm which has appeared on behalf of

27   that party.

28

-2-

STIPULATED  PROTECTIVE ORDER
(CASE #CV 10-5144 JF (HRL))

2883675.1

1     2.10   Party:  any party to this action, including all of its officers, directors,

2   employees, consultants, retained experts, and Outside Counsel of Record (and their support

3   staffs).

4     2.11   Producing Party:  a Party or Non-Party that produces Disclosure or

5   Discovery Material in this action.

6     2.12   Professional Vendors:  persons or entities that provide litigation support

7   services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and

8   organizing, storing, or retrieving data in any form or medium) and their employees and

9   subcontractors.

10     2.13   Protected Material:  any Disclosure or Discovery Material that is

11   designated as "CONFIDENTIAL."

12     2.14   Receiving Party:  a Party that receives Disclosure or Discovery Material

13   from a Producing Party.

14     3.   SCOPE

15     The protections conferred by this Stipulation and Order cover not only Protected

16   Material (as defined above), but also (1) any information copied or extracted from Protected

17   Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any

18   testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected

19   Material.  However, the protections conferred by this Stipulation and Order do not cover the

20   following information:  (a) any information that is in the public domain at the time of disclosure

21   to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party

22   as a result of publication not involving a violation of this Order, including becoming part of the

23   public record through trial or otherwise; and (b) any information known to the Receiving Party

24   prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who

25   obtained the information lawfully and under no obligation of confidentiality to the Designating

26   Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

27

28

STIPULATED  PROTECTIVE ORDER
(CASE #CV 10-5144 JF (HRL))

2883675.1

1    4.    DURATION

2            Even after final disposition of this litigation, the confidentiality obligations

3    imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing

4    or a court order otherwise directs.  Final disposition shall be deemed to be the later of

5    (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final

6    judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or

7    reviews of this action, including the time limits for filing any motions or applications for

8    extension of time pursuant to applicable law.  **For a period of six months after the final disposition of this litigation, this court will retain jurisdiction to enforce the terms of this order.**

9    5.    DESIGNATING PROTECTED MATERIAL

10           5.1    Exercise of Restraint and Care in Designating Material for Protection.

11   Each Party or Non-Party that designates information or items for protection under this Order must

12   take care to limit any such designation to specific material that qualifies under the appropriate

13   standards.  The Designating Party must designate for protection only those parts of material,

14   documents, items, or oral or written communications that qualify – so that other portions of the

15   material, documents, items, or communications for which protection is not warranted are not

16   swept unjustifiably within the ambit of this Order.

17           Mass, indiscriminate, or routinized designations are prohibited.  Designations that

18   are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

19   unnecessarily encumber or retard the case development process or to impose unnecessary

20   expenses and burdens on other parties) expose the Designating Party to sanctions.

21           If it comes to a Designating Party's attention that information or items that it

22   designated for protection do not qualify for protection, that Designating Party must promptly

23   notify all other Parties that it is withdrawing the mistaken designation.

24           5.2    Manner and Timing of Designations.  Except as otherwise provided in this

25   Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

26   Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

27   designated before the material is disclosed or produced.

28           Designation in conformity with this Order requires:

- 4 -

1               (a)     <u>for information in documentary form</u> (e.g., paper or electronic documents,

2  but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

3  Party affix the legend "CONFIDENTIAL" to each page that contains protected material.  If only

4  a portion or portions of the material on a page qualifies for protection, the Producing Party also

5  must clearly identify the protected portion(s) (e.g., by making appropriate markings in the

6  margins).

7             A Party or Non-Party that makes original documents or materials available for

8  inspection need not designate them for protection until after the inspecting Party has indicated

9  which material it would like copied and produced.  During the inspection and before the

10  designation, all of the material made available for inspection shall be deemed

11  "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and

12  produced, the Producing Party must determine which documents, or portions thereof, qualify for

13  protection under this Order.  Then, before producing the specified documents, the Producing

14  Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material.  If

15  only a portion or portions of the material on a page qualifies for protection, the Producing Party

16  also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the

17  margins).

18             (b)     <u>for testimony given in deposition or in other pretrial or trial proceedings,</u>

19  that the Designating Party identify on the record, before the close of the deposition, hearing, or

20  other proceeding, all protected testimony.

21             (c)     <u>for information produced in some form other than documentary and for any</u>

22  <u>other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the

23  container or containers in which the information or item is stored the legend "CONFIDENTIAL."

24  If only a portion or portions of the information or item warrant protection, the Producing Party, to

25  the extent practicable, shall identify the protected portion(s).

26             5.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent

27  failure to designate qualified information or items does not, standing alone, waive the Designating

28  Party's right to secure protection under this Order for such material.  Upon timely correction of a

- 5 -

1    designation, the Receiving Party must make reasonable efforts to assure that the material is

2    treated in accordance with the provisions of this Order.

3        6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

4            6.1    Timing of Challenges.  Any Party or Non-Party may challenge a

5    designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's

6    confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary

7    economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its

8    right to challenge a confidentiality designation by electing not to mount a challenge promptly

9    after the original designation is disclosed.

10            6.2    Meet and Confer.  The Challenging Party shall initiate the dispute

11    resolution process by providing written notice of each designation it is challenging and describing

12    the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the

13    written notice must recite that the challenge to confidentiality is being made in accordance with

14    this specific paragraph of the Protective Order.  The parties shall attempt to resolve each

15    challenge in good faith and must begin the process by conferring directly (in voice to voice

16    dialogue; other forms of communication are not sufficient) within 14 days of the date of service

17    of notice.  In conferring, the Challenging Party must explain the basis for its belief that the

18    confidentiality designation was not proper and must give the Designating Party an opportunity to

19    review the designated material, to reconsider the circumstances, and, if no change in designation

20    is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to

21    the next stage of the challenge process only if it has engaged in this meet and confer process first

22    or establishes that the Designating Party is unwilling to participate in the meet and confer process

23    in a timely manner.

24            6.3    Judicial Intervention.  If the Parties cannot resolve a challenge without

25    court intervention, the Designating Party shall file and serve a motion to retain confidentiality

26    under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21

27    days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and

28    confer process will not resolve their dispute, whichever is earlier.  Each such motion must be

- 6 -

STIPULATED  PROTECTIVE ORDER
(CASE #CV 10-5144 JF (HRL))

2883675.1

1  accompanied by a competent declaration affirming that the movant has complied with the meet

2  and confer requirements imposed in the preceding paragraph.  Failure by the Designating Party to

3  make such a motion including the required declaration within 21 days (or 14 days, if applicable)

4  shall automatically waive the confidentiality designation for each challenged designation.  In

5  addition, the Challenging Party may file a motion challenging a confidentiality designation at any

6  time if there is good cause for doing so, including a challenge to the designation of a deposition

7  transcript or any portions thereof.  Any motion brought pursuant to this provision must be

8  accompanied by a competent declaration affirming that the movant has complied with the meet

9  and confer requirements imposed by the preceding paragraph.

10            The burden of persuasion in any such challenge proceeding shall be on the

11  Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass

12  or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party

13  to sanctions.  Unless the Designating Party has waived the confidentiality designation by failing

14  to file a motion to retain confidentiality as described above, all parties shall continue to afford the

15  material in question the level of protection to which it is entitled under the Producing Party's

16  designation until the court rules on the challenge.

17        7.    ACCESS TO AND USE OF PROTECTED MATERIAL

18            7.1    Basic Principles.  A Receiving Party may use Protected Material that is

19  disclosed or produced by another Party or by a Non-Party in connection with this case only for

20  prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be

21  disclosed only to the categories of persons and under the conditions described in this Order.

22  When the litigation has been terminated, a Receiving Party must comply with the provisions of

23  section 13 below (FINAL DISPOSITION).

24            Protected Material must be stored and maintained by a Receiving Party at a

25  location and in a secure manner that ensures that access is limited to the persons authorized under

26  this Order.

27

28

- 7 -

1        7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise

2    ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

3    disclose any information or item designated "CONFIDENTIAL" only to:

4        (a)    the Receiving Party's Outside Counsel of Record in this action, as well as

5    employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

6    information for this litigation and who have signed the "Acknowledgment and Agreement to Be

7    Bound" that is attached hereto as Exhibit A;

8        (b)    the officers, directors, and employees (including House Counsel) of the

9    Receiving Party to whom disclosure is reasonably necessary for this litigation and who have

10   signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

11       (c)    Experts (as defined in this Order) of the Receiving Party to whom

12   disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment

13   and Agreement to Be Bound" (Exhibit A);

14       (d)    the court and its personnel;

15       (e)    court reporters and their staff, professional jury or trial consultants, mock

16   jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation

17   and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

18       (f)    during their depositions, witnesses in the action to whom disclosure is

19   reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

20   (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of

21   transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be

22   separately bound by the court reporter and may not be disclosed to anyone except as permitted

23   under this Stipulated Protective Order.

24       (g)    the author or recipient of a document containing the information or a

25   custodian or other person who otherwise possessed or knew the information.

26

27

28

- 8 -

1    8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

2    OTHER LITIGATION

3            If a Party is served with a subpoena or a court order issued in other litigation that

4    compels disclosure of any information or items designated in this action as "CONFIDENTIAL,"

5    that Party must:

6            (a)    promptly notify in writing the Designating Party.  Such notification shall

7    include a copy of the subpoena or court order;

8            (b)    promptly notify in writing the party who caused the subpoena or order to

9    issue in the other litigation that some or all of the material covered by the subpoena or order is

10   subject to this Protective Order.  Such notification shall include a copy of this Stipulated

11   Protective Order; and

12           (c)    cooperate with respect to all reasonable procedures sought to be pursued by

13   the Designating Party whose Protected Material may be affected.

14           If the Designating Party timely seeks a protective order, the Party served with the

15   subpoena or court order shall not produce any information designated in this action as

16   "CONFIDENTIAL" before a determination by the court from which the subpoena or order

17   issued, unless the Party has obtained the Designating Party's permission.  The Designating Party

18   shall bear the burden and expense of seeking protection in that court of its confidential material –

19   and nothing in these provisions should be construed as authorizing or encouraging a Receiving

20   Party in this action to disobey a lawful directive from another court.

21    9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED

22    IN THIS LITIGATION

23           (a)    The terms of this Order are applicable to information produced by a Non-

24   Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-

25   Parties in connection with this litigation is protected by the remedies and relief provided by this

26   Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking

27   additional protections.

28

- 9 -

STIPULATED PROTECTIVE ORDER
(CASE #CV 10-5144 JF (HRL))

2883675.1

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.     make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[1]  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were

---

[1] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

- 10 -

1  made of all the terms of this Order, and (d) request such person or persons to execute the

2  "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

3       11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

4  PROTECTED MATERIAL

5            When a Producing Party gives notice to Receiving Parties that certain

6  inadvertently produced material is subject to a claim of privilege or other protection, the

7  obligations of the Receiving Parties are those set forth in Federal Rule of Civil

8  Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be

9  established in an e-discovery order that provides for production without prior privilege review.

10  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on

11  the effect of disclosure of a communication or information covered by the attorney-client

12  privilege or work product protection, the parties may incorporate their agreement in the stipulated

13  protective order submitted to the court.

14       12.   MISCELLANEOUS

15            12.1   Right to Further Relief.  Nothing in this Order abridges the right of any

16  person to seek its modification by the court in the future.

17            12.2   Right to Assert Other Objections.  By stipulating to the entry of this

18  Protective Order no Party waives any right it otherwise would have to object to disclosing or

19  producing any information or item on any ground not addressed in this Stipulated Protective

20  Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of

21  the material covered by this Protective Order.

22            12.3   Filing Protected Material.  Without written permission from the

23  Designating Party or a court order secured after appropriate notice to all interested persons, a

24  Party may not file in the public record in this action any Protected Material.  A Party that seeks to

25  file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected

26  Material may only be filed under seal pursuant to a court order authorizing the sealing of the

27  specific Protected Material at issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue

28  only upon a request establishing that the Protected Material at issue is privileged, protectable as a

- 11 -

STIPULATED  PROTECTIVE ORDER
(CASE #CV 10-5144 JF (HRL))

2883675.1

1  trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to

2  file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then

3  the Receiving Party may file the information in the public record pursuant to Civil Local

4  Rule 79-5(e) unless otherwise instructed by the court.

5        13.    <u>FINAL DISPOSITION</u>.  Within 60 days after the final disposition of this action,

6  as defined in paragraph 4, each Receiving Party must return all Protected Material to the

7  Producing Party or destroy such material.  As used in this subdivision, "all Protected Material"

8  includes all copies, abstracts, compilations, summaries, and any other format reproducing or

9  capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed,

10  the Receiving Party must submit a written certification to the Producing Party (and, if not the

11  same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by

12  category, where appropriate) all the Protected Material that was returned or destroyed and

13  (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations,

14  summaries or any other format reproducing or capturing any of the Protected Material.

15  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings,

16  motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence,

17  deposition and trial exhibits, expert reports, attorney work product, and consultant and expert

18  work product, even if such materials contain Protected Material.  Any such archival copies that

19  contain or constitute Protected Material remain subject to this Protective Order as set forth in

20  Section 4 (DURATION).

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

- 12 -

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2                                   LAW OFFICES OF RICHARD A. LOVE

3

4    DATED: _____2/22/11_____      _Kathl M. Erskine_

5                                     KATHLEEN M. ERSKINE
                                    Attorney for Plaintiff Bryan Fickett

6

7                                     HANSON BRIDGETT LLP

8

9    DATED: _____2/22/11_____      _Lisa M Pooley_

10                                    LISA M. POOLEY
                                   Attorney for Defendant Solaicx

                **AS MODIFIED BY THE COURT**

11    PURSUANT TO STIPULATION, IT IS SO ORDERED.
                        ^

12

13    DATED:     February 28, 2011 _____

14                               ~~JEREMY FOGEL~~ HOWARD R. LLOYD
                              ~~United States District Judge~~

15                                    Magistrate Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED  PROTECTIVE ORDER
(CASE #CV 10-5144 JF (HRL))
                                                2883675.1

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare

under penalty of perjury that I have read in its entirety and understand the Stipulated Protective

Order that was issued by the United States District Court for the Northern District of California

on _____, 2011 in the case of *Fickett v. Solaicx*, Case No. CV 10-5144 JF (HRL).  I

agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I

understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for

the Northern District of California for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full

address and telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
               [printed name]

Signature: _____
            [signature]

- 14 -