IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BRYAN FICKETT,

    Plaintiff,

  v.

SOLAICX, a California corporation,

    Defendant.
                                 /

No. C 10-05144 WHA

**ORDER ON DISCOVERY DISPUTES AND VACATING HEARINGS**

      While there is a lot of information in the amended Section 2019.210 statement, it needs to be re-organized for clarity to more precisely isolate the combination of elements consisting of the claimed trade secrets. The statement should be re-organized in the same way that a patent is typically organized, meaning it should have a summary of the trade secrets, followed by a section on the background of the trade secrets and the prior art (including the plaintiff's patent), the problem to be solved, followed then by a section on a detailed description of the trade secrets including its specific embodiments, and then finally the precise claimed trade secrets, each numbered, and setting forth the specific elements constituting the trade secret for each, in the same way claims typically appear at the end of a patent.

      The Court has read the amended Section 2019.210 statement and thinks it is a plausible effort but finds it hard to isolate the precise trade secrets claimed, it being too easy to confuse the elements in the prior art with the supposed new secrets. Much of the amended statement can be re-worked into an improved statement but with the above organization and precision. This should be filed (under seal) by **NOVEMBER 30, 2011**. Plaintiff's motion to file under seal (1) plaintiff's

1 identification of trade secret and (2) plaintiff's amended identification of trade secret is hereby
2 **GRANTED**. Defendant's motion to strike plaintiff's untimely reply to defendant's opposition to
3 the administrative motion to file documents under seal is **GRANTED**.

4 If plaintiff wants an extension of the case management schedule in order to catch up on lost time, then the Court will allow a reasonable extension if it is requested when the revised statement is filed. Although relief is being granted in favor of defendant, be aware that the Court understands how easy it is for defendants in trade secret cases to use Section 2019.210 as an excuse for stonewalling. Any further refusals to provide discovery based on alleged shortcomings in the statement will be carefully scrutinized, the Court being of the view that defendants have exaggerated the shortfalls in the extant statement. Finally, it is not a proper criticism to say that the claimed trade secret was not kept confidential. That goes to the merits, not the clarity of the claimed trade secret as listed in the Section 2019.210 statement.

\* \* \*

Plaintiff also filed a motion to retain confidentiality of portions of plaintiff's June 15, 2011, deposition transcript pursuant to stipulated protective order and a motion for an order that portions of plaintiff's motion to retain confidentiality and portions of the deposition transcript be filed under seal. Both motions are **GRANTED**.

In the future, please follow the undersigned judge's guidelines for discovery disputes. The hearings set for 2 p.m. on November 17, 2011, are **VACATED**.

**IT IS SO ORDERED.**

Dated: November 8, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2